CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 06 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MARQUISE LEON NELSON,** | ) | CASE NO. 7:13CV00467 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **STATE OF VIRGINIA, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant(s).** | ) | |

Marquise Leon Nelson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Upon review of the record, the court finds that Nelson's submission must be summarily dismissed without prejudice as legally frivolous.

## Background

Nelson sues the "State [sic] of Virginia," its governor, one of its senators, its secretary of public safety, the director of the Virginia Department of Corrections, and the warden of Red Onion State Prison,[1] where Nelson is incarcerated. Liberally construing Nelson's claims and stated injury, he broadly alleges, with no facts in support, that the defendants are responsible for abduction, kidnapping, unlawful imprisonment, conspiracy, and fraud against Nelson, because he has been imprisoned without due process. As relief in this action, Nelson seeks a court-ordered hearing where the defendants must prove through documentary evidence that they have a legal right to imprison Nelson. He further asserts that defendants' failure to produce such evidence constitutes their consent to pay him not less than fifty million dollars in damages.

---

[1] Nelson's complaint lists the "State of Virginia" as the plaintiff, Nelson as both defendant and "third-party plaintiff," and the "State of Virginia" and its individual officials as "third-party defendants." Finding these designations to be nonsensical, the court construes the complaint to present Nelson as the plaintiff and the other entities and individuals as defendants. See Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981) (finding that district court may liberally construe a pro se civil rights complaint depending on nature of claims raised and is not bound by labels attached by pro se litigant).

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted or if the lawsuit "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1).

Nelson's claims against Virginia must be summarily dismissed. The Commonwealth is not a "person" within the meaning of § 1983 and thus may not be sued under this section. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Similarly, sections 1985 and 1986 authorize civil rights claims only against "persons." Moreover, it is well established that the Eleventh Amendment to the United States Constitution prohibits a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state or any other state. See, e.g., Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Because the Commonwealth of Virginia is not subject to suit in federal court, all claims against this defendant must be dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

In essence, Nelson complains that unspecified actions by the other defendants have caused him to be wrongfully imprisoned. Claims of this nature are not actionable under § 1983 unless the challenged conviction and/or sentence have been overturned or set aside. The United States Supreme Court has held that

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted). If Nelson could prove his conclusory assertions that the defendants knowingly caused him to be imprisoned without due process, such findings would necessarily imply that Nelson's conviction and sentence were invalid. Because Nelson offers no evidence that his conviction and/or sentence have been overturned or expunged as invalid, his claims against the defendants are not actionable under § 1983. Id.

In any event, Nelson's vague and fanciful factual allegations against the defendants simply cannot provide a basis for any legal claim whatsoever. In such circumstances, the court may summarily dismiss the complaint as frivolous. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989).

## Conclusion

For the reasons stated, the court dismisses Nelson's complaint without prejudice, pursuant to § 1915A(b)(1), as frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 6th day of November, 2013.

*/s/ Glen Conrad*
Chief United States District Judge